1

2

3

4

5

6

7                    **UNITED STATES DISTRICT COURT**

8                    **CENTRAL DISTRICT OF CALIFORNIA**

9

10  GARY D. MILLER,                    )      NO. EDCV 04-1336 (Mc)
                                       )
11                Plaintiff,           )
                                       )      MEMORANDUM OF DECISION
12           v.                        )      AND ORDER IN A SOCIAL
                                       )      SECURITY CASE
13  JO ANNE B. BARNHART,               )
    Commissioner of the               )
14  Social Security Administration,   )
                                       )
15                Defendant.           )
                                       )
16  _____)

17       The plaintiff, GARY D. MILLER, filed the present action for

18  review of a final determination of the Commissioner of Social Security

19  (the "Commissioner") that the plaintiff is not disabled and not

20  entitled to Disability Insurance Benefits ("DIB").  For the reasons

21  set forth below, the court finds that the decision of the Commissioner

22  is supported by substantial evidence and is free of legal error.  The

23  decision of the Commissioner is, therefore, affirmed.

24  _____          **BACKGROUND**

25       The plaintiff filed an application for DIB under the Social

26  Security Act (the "Act") on October 21, 2002. [Administrative Record

27  ("AR") 96-98.]  The Commissioner denied the application initially and

28  on reconsideration. [AR 72-75, 80-83.]  At the plaintiff's request, an

1 | administrative hearing was held before Administrative Law Judge Helen
2 | E. Hesse (the "ALJ") on October 8, 2003. [AR 40-69.]  On October 27,
3 | 2003, the ALJ filed a decision concluding that the plaintiff was not
4 | under a disability as defined in the Act at any time through the date
5 | of the decision. [AR 21-25.]  The Appeals Council denied the
6 | plaintiff's request for review of the ALJ's decision. [AR 4-7.]  The
7 | decision of the ALJ stands as the final decision of the Commissioner.

8 |    Thereafter, the plaintiff filed the present action.  The
9 | plaintiff and the Commissioner have consented to proceed before a
10 | United States Magistrate Judge.  The parties have entered into a Joint
11 | Stipulation setting forth their arguments.

12 | **STANDARDS OF REVIEW**

13 |    The court must sustain the findings of the Commissioner unless:
14 | (a) they are not supported by substantial evidence in the record as a
15 | whole; or (b) the Commissioner applied an improper legal standard.
16 | See 42 U.S.C. 405(g); Gordon v. Secretary of Health and Human
17 | Services, 803 F.2d 1071, 1072 (9th Cir. 1986).  Substantial evidence
18 | means "more than a mere scintilla" but less than a preponderance.
19 | Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28
20 | L.Ed.2d 842 (1971); Desrosiers v. Secretary of Health and Human
21 | Services, 846 F.2d 573, 576 (9th Cir. 1988).  "Substantial evidence"
22 | is evidence a "reasonable mind might accept as adequate to support a
23 | conclusion."  Richardson v. Perales, 402 U.S. at 402; Gordon v.
24 | Secretary of Health and Human Services, 803 F.2d at 1072.

25 |    This court must review the record as a whole and consider adverse
26 | as well as supporting evidence.  See Green v. Heckler, 803 F.2d 528,
27 | 529-30 (9th Cir. 1986).  Where evidence is susceptible of more than
28 | \\\

1  one rational interpretation, the court must sustain the Commissioner's
2  decision.   See Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir.
3  1984).

4  **THE FIVE-STEP SEQUENTIAL EVALUATION**

5      The Commissioner has established a five-step sequential
6  evaluation for determining whether a person is disabled.  First, the
7  Commissioner determines whether the person is engaged in "substantial
8  gainful activity."  If so, the Commissioner denies disability
9  benefits.  Second, if the person is not so engaged, the Commissioner
10 determines whether the person has a medically severe impairment or
11 combination of impairments.  If the person does not have a severe
12 impairment or combination of impairments, the Commissioner denies
13 benefits.  Third, if the person has a severe impairment, the
14 Commissioner determines whether the impairment meets or equals one of
15 a number of "listed impairments."  If the impairment meets or equals a
16 "listed impairment," the Commissioner conclusively presumes that the
17 person is disabled.  Fourth, if the impairment does not meet or equal
18 the "listed impairments," the Commissioner determines whether the
19 impairment prevents the person from performing past relevant work.  If
20 the person can perform past relevant work, the Commissioner denies
21 benefits.  Fifth, if the person cannot perform past relevant work, the
22 burden shifts to the Commissioner to show that the person is able to
23 perform other kinds of work.  The person is entitled to disability
24 benefits only if he or she is unable to perform other work.  See 20
25 C.F.R. § 404.1520 and 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S.
26 137, 140-42, 107 S.Ct. 2287, 96 L.Ed 119 (1987).
27 \\\
28 \\\

## FINDINGS OF THE ALJ

The plaintiff was born April 27, 1965. [AR 22, 41, 96.]  The plaintiff has an eleventh grade education [AR 22, 118] and past relevant work experience as a freight stocker, supervisor, installer, sales representative, data entry/customer service representative and cashier [AR 22, 121].  The plaintiff alleges that he has been unable to work since January 3, 2002, because of neuromas on both feet.  [AR 99, 112.] The plaintiff also alleges back complaints.[1] [AR 42, 43, 55, 58.]

The ALJ found that the plaintiff had not engaged in substantial gainful activity since the alleged onset of disability. [AR 24.]  The ALJ found that the plaintiff had bilateral plantar fasciitis, Morton's neuroma, and equinus of both feet which were severe as defined under the Regulations.  However, the ALJ found that the plaintiff did not have an impairment or combination of impairments listed in, or medically equal to one listed in, Appendix 1, Subpart P, Regulations No. 4. [AR  23.] The ALJ further found that the plaintiff's testimony, although appearing sincere, was not fully credible regarding the extent, intensity, and duration of his symptoms and functional limitations and restrictions. [Id.] The ALJ found that the plaintiff retained the residual functional capacity to: stand and walk two hours in an eight-hour day, ten to fifteen minutes at a time; sit without restrictions; and lift and carry fifty pounds occasionally, twenty-five pounds frequently.  The plaintiff was also precluded from operating foot controls, from climbing ladders or scaffolds, from

---

[1]The ALJ, however, did not find that the plaintiff had a medically determinable back impairment, and the plaintiff has presented no evidence to the contrary.

- 4 -

balancing, and from being at unprotected heights.  [AR 23, 25.]  The
ALJ found that with these restrictions, the plaintiff was capable of
performing his past relevant work as a data entry/customer service
representative and supervisor as these jobs were performed in the
national economy.  Accordingly, the ALJ concluded that the plaintiff
was not under a disability as defined in the Act at any time through
the date of the decision. [AR 25.]

### THE PLAINTIFF'S CONTENTIONS

The plaintiff contends that the ALJ failed properly to assess the
plaintiff's credibility.

### DISCUSSION

_____The plaintiff testified that he was not able to work because of
the neuromas on his feet. [AR 42-43.] When asked how his neuromas
would keep him from working, the plaintiff testified that he had
difficulty standing and walking.  He indicated that he could only
stand for a few minutes before the pain became severe. [AR 43.] He
further testified that he was not able to walk even a block without
having to sit down. [AR 60-61.] Although the plaintiff testified that
he sat or lay down after standing or walking too long [AR 43, 61], he
also testified that his pain was constant, and that his feet hurt
whether he was standing or sitting [AR 65].  The plaintiff also
indicated that he sometimes elevated his feet. [AR 62.] The plaintiff
testified that his pain was so severe that it affected his
concentration and mood such that he was unable even to help his
children with their homework for more than forty-five minutes to an
hour. [AR 63.] Even so, he testified that he did this "every night of
the week," but later, when asked by his attorney whether he could do
it "even later in the week . . . [l]ike on Thursday or Friday," the

1  plaintiff testified that by the end of the week, he was in too much
2  pain and left it to his wife to help the children. [AR 64.]

3      The plaintiff further testified that he was unable to perform
4  even a sedentary type of job because the pain would result in lack of
5  concentration and a "short temper." [AR 62-63.] The plaintiff
6  testified that he did not believe he could work eight hours a day,
7  five days a week, because of the pain.  Although he might be able to
8  work "a day or two," after that, he would not be able to concentrate.
9  [AR 65-66.]

10     The ALJ, however, found that the plaintiff's testimony as to his
11 limitations and inability to work was not entirely credible.  As
12 support for her credibility finding, the ALJ cited the plaintiff's
13 daily activities, her observation that the plaintiff was able to
14 answer all questions alertly and appropriately without evidence that
15 his thoughts wandered, and the lack of evidence of regular usage of
16 strong pain medication or side effects. [AR 23.]  Additionally, the
17 ALJ indicated that she had "carefully considered all of the medical
18 opinions in the record regarding the severity of the claimant's
19 impairments." [AR 25.]

20     The plaintiff contends that the ALJ's credibility assessment is
21 lacking in several ways.  First, the plaintiff contends that the ALJ
22 "failed to specify which allegations of pain and/or other symptoms he
23 [sic] found not credible."  However, the ALJ specifically cited the
24 plaintiff's allegations of his inability to work and his testimony
25 concerning the extent, intensity, and duration of the symptoms and
26 functional limitations as not credible. [AR 23.]

27     The plaintiff next argues that the ALJ "completely ignored the
28 requirements of Social Security Ruling 96-7p which require an ALJ to

-6-

1 | analyze a Plaintiff's credibility considering numerous specified
2 | factors." [Joint Stipulation at 3.]  The plaintiff's argument is not
3 | persuasive.

4 | _____SSR 96-7p provides, _inter alia_, that the adjudicator must
5 | consider various types of evidence "in addition to the objective
6 | medical evidence when assessing the credibility of an individual's
7 | statements."  These include the individual's daily activities; the
8 | locations, duration, frequency, and intensity of the individual's
9 | symptoms; the factors that precipitate and aggravate the symptoms; the
10 | type, dosage, effectiveness, and side effects of medication;
11 | treatment; any measures other than treatment for relief of symptoms;
12 | and any other factors concerning the individual's functional
13 | limitations due to symptoms.  Although the ALJ did not discuss each of
14 | the factors enumerated in SSR 96-7p in her decision, SSR 96-7p and the
15 | regulations which it interprets do not require that the ALJ do so.
16 | Here, the ALJ or the plaintiff's attorney adequately elicited
17 | testimony regarding all of the factors.  For example, the plaintiff
18 | testified as to his daily activities [AR 43-46, 56-57], his symptoms
19 | and the factors which aggravated them as well as his functional
20 | limitations [AR 43, 56-57, 59-61, 63], his medication [AR 64-65] and
21 | side effects [AR 65], and other measures he took to relieve his pain
22 | [AR 56, 58, 60, 62]. Clearly, therefore, the factors enumerated in SSR
23 | 96-7p were adequately considered, even if all of them were not
24 | discussed in the decision.

25 |      Finally, the plaintiff asserts that the ALJ did not cite clear
26 | and convincing reasons for finding the plaintiff not credible.  Batson
27 | v. Commissioner of the Social Security Administration, 359 F.3d 1190,
28 | 1196 (9th Cir. 2004)(Once the plaintiff has established by objective

1  or clinical findings the existence of a medically determinable
2  impairment which may reasonably account for the symptoms alleged,
3  although not necessarily to the degree alleged, absent affirmative
4  evidence of malingering, the ALJ may not disregard symptom allegations
5  without providing clear and convincing reasons for doing so).

6       The plaintiff contends that the ALJ's recitation of the
7  plaintiff's daily activities misstates the evidence.  In this regard,
8  this court agrees that the plaintiff's asserted limited and sporadic
9  ability to drive, pick up his children from school, fold clothes, peel
10 potatoes, perform light housekeeping duties, and watch television does
11 not in any way refute the plaintiff's subjective allegations.  There
12 is no evidence that these activities consumed a substantial portion of
13 the plaintiff's day.  Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th
14 Cir. 2001).  Similarly, the plaintiff's testimony that he was able to
15 do forty sit-ups and forty push-ups do not detract from the
16 plaintiff's credibility, inasmuch as the primary problems to which the
17 plaintiff testified were to his feet.

18      However, the ALJ cited other clear and convincing reasons for
19 finding the plaintiff to be not entirely credible.  The ALJ cited her
20 observation of the plaintiff's ability to maintain concentration
21 during the hearing, and she cited the lack of evidence of regular
22 usage of strong medication. [AR 23.] Morgan v. Commissioner of Social
23 Sec. Admin., 169 F.3d 595, 600 (9th Cir. 1999)(The ALJ's personal
24 observations of the claimant was one of the valid considerations which
25 undermined the claimant's credibility); Orteza v. Shalala, 50 F.3d
26 748, 750 (9th Cir. 1995)(The fact that the claimant did not require
27 prescription pain medication was, inter alia, a valid consideration in
28 assessing credibility).  In fact, the plaintiff testified that he had

not taken any medication in approximately a year. [AR 64-65.] Although
he also testified that this was because the medication had no effect
other than to get him "loaded from it" [AR 65], the medical evidence
indicates no significant complaints of side effects.  Curiously, four
months before the hearing, the plaintiff's treating physician was
still prescribing Celebrex [AR 166-68], and contrary to the
plaintiff's testimony, there is no indication that the plaintiff
stopped taking the medication, there is no report that the medication
was ineffective, nor were there any requests by the plaintiff to
change his medication to something stronger or more efficacious.

Last, the ALJ indicated that she considered the medical opinions
concerning the plaintiff's limitations. The ALJ relied primarily upon
the testimony of the medical advisor.[2]  The opinion of the State
agency physician was generally in accord except that the State agency
physician limited the plaintiff's lifting to twenty pounds
occasionally and ten pounds frequently [AR 157], an assessment
specifically rejected by the ALJ [AR 22-23].  Neither the medical
advisor nor the State agency physician, however, indicated any
significant limitations in the plaintiff's ability to sit.

\ \ \

---

[2]The plaintiff's contention that the ALJ improperly addressed the
testimony of the medical advisor is also unpersuasive.  Although the
medical advisor testified that it was reasonable that a person with
the plaintiff's diagnoses could experience a significant amount of
pain [AR 58-59] and that it was "possible" that the level of pain
could cause the plaintiff to have a very difficult time ambulating,
this does not imply that the plaintiff could do no walking at all or
that he required a cane or that it contradicted the doctor's testimony
that the plaintiff could stand or walk for a total of two hours in an
eight-hour day but only ten to fifteen minutes at a time.  The ten to
fifteen minute restriction is consistent with the plaintiff's reports
to his physician. [AR 50; see AR 165, 167, 168.]

Otherwise, there is no other medical opinion concerning any
limitations.  In this regard, although the notes of the plaintiff's
treating physician indicate ongoing complaints of pain with standing
and walking, contrary to the plaintiff's assertions that he
"consistently reported subjective complaints and resulting
limitations" [Joint Stipulation at 14], there are no significant
reports of an inability to sit.  To the contrary, the records suggest
for the most part that sitting relieves the pain. [AR 165, 167, 168.]
Other than a rare, one-time report that the plaintiff elevates his
feet [AR 165; but see AR 150], there is no indication in these records
that the plaintiff's sitting ability or his ability to perform at
least sedentary work is compromised in any way.  There is no
suggestion by the plaintiff's treating physician of the need to
elevate his legs, much less to waist or hip level[3] [AR 67], nor is
there any report that the pain is generally so severe regardless of
activity that the plaintiff's concentration is affected or that he
must lie down. [AR 67.]

In short, having cited her own observations of the plaintiff at
the hearing [SSR 96-7p; Vertigan, 260 F.3d at 1049 (In evaluating
credibility, the ALJ must consider the factors enumerated in SSR 95-5p
(superceded by SSR 96-7p) which include the ALJ's own observations of
the plaintiff)], and the fact that despite allegations of severe pain,
the plaintiff took no medication and had no significant side effects
when he did [Osenbrock v. Apfel, 240 F.3d 1157, 1166 (9th Cir.
2000)(The fact that the claimant did not use strong medications
commonly prescribed for severe unremitting pain, the lack of evidence

---

[3]The plaintiff, himself, never testified that he had to elevate
his legs to waist or hip level. [See AR 62.]

1  of side effects from medications the claimant had been taking, and the
2  lack of evidence of attention, concentration, or cognitive deficits
3  resulting from pain all considered, _inter alia_, to be sufficient to
4  rebut the claimant's subjective allegations)], and having considered
5  the medical opinion [Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th
6  Cir. 2002)(Testimony of physicians is, _inter alia_, a valid
7  consideration in the evaluation of credibility)], the ALJ provided
8  sufficiently clear and convincing reasons for finding the plaintiff's
9  complaints to be not entirely credible.

10                               **CONCLUSION**

11       After careful consideration of the complaint, joint stipulation
12  of the parties, the transcript of the record, and in accordance with
13  the foregoing discussion, the magistrate judge finds that the decision
14  of the Commissioner is supported by substantial evidence and that the
15  Commissioner applied the proper legal standards.

16                                 **ORDER**

17       IT IS ORDERED that judgment be entered in favor of the
18  Commissioner and against the plaintiff.

19

20  Dated: January 20, 2006

21                                    _____/s/_____
                                      JAMES W. McMAHON
22                                    United States Magistrate Judge

23

24

25

26

27

28